IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **JAMES E. BERNARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-cv-2689-JPM-tmp |
| | ) |
| **ILLINOIS CENTRAL RAILROAD** | ) |
| **COMPANY,** | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**
_____

Before the court by order of reference for determination is defendant Illinois Central Railroad Company's ("Illinois Central") Motion for Attorneys' Fees and Costs, filed on February 6, 2018. (ECF No. 29.)  Plaintiff James E. Bernard has responded.  (ECF No. 32.)  For the following reasons, the motion is denied.

I. **FINDINGS OF FACT**

Bernard's initial Complaint asserted claims against Illinois Central under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2-2000e-3.  (ECF No. 1 at 6-7.)  The initial Complaint detailed allegations of discrimination and accompanying charges of discrimination ("Charge") that Bernard filed with the Equal Employment Opportunity Commission ("EEOC"), dating back to 2009.  (Id. at 3-6.)  Bernard did not include an EEOC Charge or Right to Sue letter in support of his initial

Complaint. Illinois Central informed Bernard by letter, dated December 21, 2017, that all claims referenced in the initial Complaint except those relating to the most recent failure-to-hire Charge from 2015 appeared to be time-barred, and requested that Bernard amend his complaint to remove such claims. (ECF No. 29-2 at 5-6.) On December 27, 2017, counsel for Bernard indicated that he was reviewing the Complaint. (ECF No. 29-2 at 9.) On January 3, 2018, the presiding District Judge ordered Bernard to attach a copy of a Right to Sue letter as well as any EEOC Charge or Charges on which he would rely. (ECF No. 13.) That same day, Bernard filed with the court a Notice of Right to Sue, issued by the EEOC on June 2, 2017, and apparently in response to his 2015 EEOC Charge. (ECF No. 14.) The parties thereafter continued to confer and it appears that counsel for Bernard agreed that any claims, with the exception of those relating to the failure-to-hire Charge from 2015, would be time-barred. Illinois Central alleges that attorney Dewun Settle nonetheless indicated that, because he was not yet formally retained by Bernard, Illinois Central would need to move to dismiss the untimely claims. (ECF No. 29-1 at 3-4; ECF No. 29-3 at 2.)

On January 18, 2018, Illinois Central filed a Motion to Partially Dismiss Complaint. (ECF No. 16.) On January 26, 2018, Bernard filed an Amended Complaint, which removed both the references to the previous EEOC charges and claims associated with

them.  (ECF No. 20.)  The presiding District Judge thus denied Illinois Central's Motion to Partially Dismiss Complaint as moot. (ECF No. 22.)  Illinois Central then filed the present motion, asserting that Bernard should be ordered to pay the attorneys' costs and fees associated with filing the motion to dismiss. (ECF No. 29.)

## II.  CONCLUSIONS OF LAW

"Rule 11 sanctions may be awarded when a party's conduct is objectively unreasonable or if there is no reasonable basis in support of a party's claim." Hawtorne-Burdine v. Oakland Univ., Nos. 17-1201/1514/1630, 2018 WL 1150604, at *2 (6th Cir. Jan. 16, 2018); see also Fed. R. Civ. P. 11(b)-(c).  Attorneys' fees and costs may also be awarded against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  Sanctions do not require a finding of bad faith, see Hawtorne-Burdine, 2018 WL 1150604, at *2, "[h]owever, there must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396 (6th Cir. 2009) (internal quotations omitted).  In considering whether counsel's conduct was reasonable under the circumstances, a court may consider the time available to the

signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading; whether the pleading was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar. See Century Prods., Inc. v. Sutter, 837 F.2d 247, 250-51 (6th Cir. 1988).

The filings reveal that Illinois Central and Bernard conferred numerous times regarding the issues surrounding Bernard's initial complaint. There is no indication that Bernard's conduct was objectively unreasonable such that sanctions would be appropriate under either Rule 11 or 28 U.S.C. § 1927. Based on the parties' discussions and Bernard's January 3, 2018, supplementation of his Complaint with the Right to Sue letter, Illinois Central should have been aware that Bernard was not intending to pursue any claims except those arising from the 2015 EEOC Charge. It further appears that counsel were conferring during and around the holidays and various days of inclement weather which impacted business. And, it appears during this time that there was some dispute as to which attorney would be appearing on behalf of Bernard. While counsel for Bernard could have been more prompt in amending his pleadings or more clear in responding to Illinois Central's concerns, the court declines to find that such conduct was objectively unreasonable given the circumstances. Accordingly, sanctions are not appropriate, and Illinois Central's motion is DENIED.

IT IS SO ORDERED.

                                              s/ Tu M. Pham
                                              TU M. PHAM
                                              United States Magistrate Judge

                                              August 21, 2018
                                              Date